IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE JONES, on behalf of himself and all others similarly situated, 2042 Conlyn Street Philadelphia, PA 19138-2928, <br><br>                         Plaintiff, <br><br> vs. <br><br> CLIENT SERVICES, INC. 3451 Harry Truman Boulevard St. Charles, MO 63301-4047, <br>                         Defendant. | CIVIL ACTION NO. 10-CV-343(LDD) <br><br> CLASS ACTION |

## AMENDED COMPLAINT

**I.   INTRODUCTION**

1.   This is a consumer class action for damages brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"). The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

2.   The FDCPA bans debt collectors from deceiving or misleading consumers as to the status of their account, and prohibits creating a false sense of urgency in connection with the collection of the account. 15 U.S.C. §1692e(2) and e(10). Defendant debt collector sent Plaintiff and the class a form collection letter which claims the consumer's account is in "Pre-legal" status, threatens "legal action" and falsely states that "Pre-legal agencies are required to conduct an asset/property search and employment verification", all of which are deceptive and misleading statements in violation of the FDCPA.

3.   Defendant is subject to strict liability for sending a collection letter to Plaintiff and the class which violates the provisions of the FDCPA.

1

**II.     JURISDICTION**

4. Jurisdiction arises under 15 U.S.C. §1692k and 28 U.S.C. §§1331 and 1337.

5. *In personam* jurisdiction exists and venue is proper, as Defendant does business in this district and has caused harm in this district.

**III.    PARTIES**

6. Plaintiff Andre Jones is a consumer who resides in Philadelphia, Pennsylvania at the address captioned above.

7. Defendant Client Services, Inc. ("Client Services") is believed to be a Missouri corporation with a principal place of business in St. Charles, Missouri and a mailing address as captioned.

8. Client Services regularly uses the mail and telephone to attempt to collect consumer debts alleged due another.

9. Client Services is a "debt collector" as contemplated by the FDCPA, 15 U.S.C. §1692a(6).

10. Defendant regularly attempts to collect debts in, and does business in this district.

**IV.    STATEMENT OF CLAIM**

11. On September 16, 2009, Defendant Client Services sent Plaintiff a letter in connection with a consumer debt allegedly due. A copy of the September 16, 2009 letter is attached hereto as Exhibit "A" (redacted per Fed. R. Civ. Pro. 5.2).

12. In the September 16, 2009 letter, Defendant states in part:

> "The above account has been placed with our organization in a Pre-legal status for payment in full. Due to the terms of your agreement, our client may take legal action against you in accordance with your state laws."

13. The September 16 letter further states:

> "Pre-legal agencies are required to conduct an asset/property search and employment verification at the same time collections efforts are being made."

14. The FDCPA prohibits a debt collector from making false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. §1692e.

15. Defendant's representations that it is a "Pre-legal agency", that the account is in a "Pre-legal status", and that asset, property and employment verification searches are required, are deceptive and misleading in violation of the FDCPA.

16. Client Services' use of the term "Pre-legal" to describe itself and the status of the account is done to deceive or mislead the consumer as to the status of the account, and creates a false sense of urgency in connection with the collection of the account, in violation of the FDCPA. 15 U.S.C. §1692e(2) and e(10).

**V.   CLASS ALLEGATIONS**

17. Plaintiff brings this action on his own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

18. Plaintiff proposes to define the class (the "Class") as follows:

   a. All persons with addresses in the City of Philadelphia;

   b. who were sent a collection letter from defendant Client Services, Inc.;

   c. purporting to collect a debt which was incurred primarily for personal, family or household use;

   d. containing the following statements: "The above account has been placed with our organization in a Pre-legal status for payment in full. Due to the terms of your agreement, our client may take legal action against you in accordance with your state

laws" or "Pre-legal agencies are required to conduct an asset/property search and employment verification at the same time collections efforts are being made", or substantially similar statements;

  e.  for the one year period commencing on a date one year before the filing of the Amended Complaint.

19.  The Class is believed to be so numerous that joinder of all members is impractical. This Amended Complaint concerns mass-produced form collection letters.

20.  There are questions of law or fact common to the Class. These include:

  a.  Whether Defendant engaged in false, deceptive, or misleading collection conduct, in violation of 15 U.S.C. §1692e, by mailing a communication which states the recipient's alleged debt has been placed in "Pre-legal" status, threatens "legal action" and falsely states that "Pre-legal agencies are required to conduct asset/property search[es] and employment verification";

  b.  Whether Defendant falsely represented the legal status of a debt, in violation of 15 U.S.C. §1692e(2), by claiming debts were in "Pre-legal status"; and

  c.  Whether Defendant engaged in false representations and deceptive means to collect a consumer debt alleged due, in violation of 15 U.S.C. §1692e(10).

21.  Jones's claims are typical of the claims of the Class. All are based on the same factual and legal theories.

22.  Jones will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to those of the class and Plaintiff's counsel is competent and experienced in consumer credit cases and class actions.

23. The questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class members are consumer debtors, who may be unable to locate or afford to hire lawyers. Most are probably unaware that their rights, and the FDCPA, have been violated.

24. The Class may be certified under Fed.R.Civ.P. 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy in that:

   a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute by private attorneys general. 15 U.S.C. §1692k.

   b. The essence of Defendant's collection efforts is the deception of consumers.

   c. The interest of Class members in individually controlling the prosecution of separate claims against debt collectors is small because the maximum statutory damages available in an individual action under the Act is $1,000.00.

   d. This Pennsylvania-only class action is likely to be easily manageable.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats the allegations set forth above as if the same were set forth at length herein.

26. Defendant violated the FDCPA by sending a collection notice(s) to Plaintiff and the members of the class which:

   a. Makes false, deceptive, or misleading representations or statements in connection with the collection of consumer debt, 15 U.S.C. § 1692e;

   b. Falsely represents the legal status of a debt, 15 U.S.C. §1692e(2); and

    c.    Engages in false representation and deceptive means to collect a consumer debt, 15 U.S.C. §1692e(10).

**WHEREFORE,** Plaintiff Andre Jones prays that this Court certify the Class against Defendant Client Services, Inc., and enters judgment for Plaintiff and the Class members:

    a.    Awarding damages to Plaintiff and to the Class as provided for in 15 U.S.C. §1692k(a);

    b.    Awarding Plaintiff and the Class their costs and reasonable attorney's fees; and

    c.    Granting such other relief as may be deemed just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

DATE: 02/22/10

/s/Cary L. Flitter (CLF0273)
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

**LUNDY, FLITTER, BELDECOS & BERGER, P.C.**
450 N. Narberth Avenue
Narberth, PA  19072
(610) 822-0782