**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANDRE JONES, on behalf of himself and
all others similarly situated,

        Plaintiff,

  vs.

CLIENT SERVICES, INC.,

        Defendant.

CIVIL ACTION NO. 10-CV-343(LDD)


CLASS ACTION


**PLAINTIFF'S MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND FOR
PRELIMINARY APPROVAL OF CLASS SETTLEMENT (UNCONTESTED)**


**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT THEREOF**


**Dated:  November 18, 2010**

**CARY L. FLITTER**
**THEODORE E. LORENZ**
**ANDREW M. MILZ**

**LUNDY, FLITTER, BELDECOS &
BERGER, P.C.**
450 N. Narberth Avenue
Narberth, PA  19072
(610) 822-0782

Attorneys for Plaintiff and the Class

## TABLE OF CONTENTS

**PAGE**

I.     NATURE OF THE CASE ................................................................................... 3

II.    NATURE OF PLAINTIFF'S CLAIMS UNDER THE ACT ........................... 5

    A.    Purpose and Background of the FDCPA ................................................ 5

    B.    Client Services' Violations of the FDCPA ............................................ 6

III.   ELEMENTS FOR CLASS CERTIFICATION ARE MET .............................. 6

    A.    Standard for Class Certification ........................................................... 6

    B.    The Proposed Class Meets the Requirements for Certification ............. 7

        1.    Rule 23(a)(1) -- Numerosity ..................................................... 7

        2.    Rule 23(a)(2) -- Commonality ................................................... 8

        3.    Rule 23(a)(3) -- Typicality ........................................................ 9

        4.    Rule 23(a)(4) -- Adequacy of Representation............................ 10

        5.    Rule 23(b)(3) -- Common Questions of Law or Fact
            Predominate ............................................................................ 12

        6.    Rule 23(b)(3) -- Class Action is Superior to Other
            Available Methods to Resolve this Controversy ....................... 13

        7.    Rule 23(g) Factors................................................................... 14

IV.    THE SETTLEMENT SATISFIES THE REQUIREMENTS FOR
    PRELIMINARY APPROVAL ...................................................................... 15

    A.    Standards for Preliminary Approval ................................................... 15

    B.    The Terms of the Proposed Settlement are Reasonable and Fair ......... 17

V.     CLASS NOTICE ......................................................................................... 18

VI.    CONCLUSION............................................................................................ 20

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANDRE JONES, on behalf of himself and
all others similarly situated,

          Plaintiff,

    vs.

CLIENT SERVICES, INC.,

          Defendant.

CIVIL ACTION NO. 10-CV-343(LDD)

CLASS ACTION

**<u>PLAINTIFF'S MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND FOR
PRELIMINARY APPROVAL OF CLASS SETTLEMENT (UNCONTESTED)</u>**

      Plaintiff, Andre Jones, moves the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for preliminary approval of a Class Settlement.

      Plaintiff Jones brings this case as a class action against Client Services, Inc. ("Client Services" or "Defendant") for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692 *et seq.*  Plaintiff has averred that Defendant routinely sent out form collection letters claiming the consumer's account is in "Pre-legal" status, threatening "legal action" and falsely stating that "Pre-legal agencies are required to conduct an asset/property search and employment verification".  A copy of the challenged collection notice is appended hereto as Exhibit "A."  Plaintiff avers that the notice violates the FDCPA's prohibitions against:  (a) the use of false, deceptive, or misleading representations or statements in connection with the collection of consumer debt, 15 U.S.C. § 1692e; (b) falsely representing the legal status of a debt, 15 U.S.C. § 1692e(2); and (c) engaging in false representations or deceptive means in an attempt to collect a consumer debt, 15 U.S.C. § 1692e(10).

      The parties have now reached a settlement, subject to approval of this Court, consisting of the following terms:

1

(a)     Defendant consents to certification of the Class designated in the Class Action Settlement Agreement and Release, to Plaintiff Jones serving as the Class Representative, and to the law firm of Lundy, Flitter, Beldecos & Berger, P.C. serving as Class Counsel;

(b)     Defendant will make a classwide settlement payment in the amount of $100,000.00 to be divided equally among the class members to whom notice by mail is not returned as undeliverable;

(c)     Defendant will pay all costs associated with the administration of the settlement, and First Class, Inc. of Chicago will serve as the Class Administrator;

(d)     Notice will be by mail to a class of 408 individuals indentified by Defendant who received the challenged letter during the class period, as defined in the Class Action Settlement Agreement and Release;

(e)     Defendant will pay Plaintiff Jones $3,000.00 for his individual claims, plus any share in the class recovery;

(f)     Defendant will pay and will not contest Plaintiff's application for reasonable Class Counsel fees and expenses in the amount of $60,000.00;

(g)     the payments to the Class and Plaintiff as outlined in sections (b) and (e) above will be made to a federally insured non-interest bearing account held by the Class Administrator within 20 days of preliminary approval of this settlement; and

(h)     upon final approval by the Court, the Class will release, acquit and forever discharge Defendant from the claims set forth in the Class Action Settlement Agreement and Release.

Further, Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Andre Jones respectfully requests that the Court enter an order certifying the Settlement Class.   The Class is defined as:

> "a.      [a]ll persons with addresses in the City of Philadelphia;
>
> b.      who were sent a collection letter from defendant Client Services, Inc.;
>
> c.      purporting to collect a debt which was incurred primarily for personal, family or household use;
>
> d.      containing the following statements:   The above account has been placed with our organization in a Pre-legal status for payment in full.  Due to the terms of your agreement, our client may take legal action against you in accordance with your state laws ' or 'Pre-legal agencies are required to conduct an asset/property search and employment verification at the same time collections efforts are being made ', or substantially similar statements;
>
> e.      for the one year period commencing on a date one year before the filing of the Amended Complaint ", i.e., from February 22, 2009 to February 22, 2010.

(Sett. Agrmt. ¶ 9(a)).

In support of the Motion for Preliminary Approval of Class Settlement, Plaintiff submits that all of the requirements of Rule 23(a), Rule 23(b)(3), and Rule 23(g) have been met.   In support, Jones avers:

1.      Plaintiff has filed this class action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, by Defendant Client Services, Inc.

2.      Defendant is a "debt collector" as that term is contemplated in the FDCPA.   15 U.S.C. § 1692a(6).  Defendant mailed collection letters to Philadelphia, Pennsylvania consumers in an attempt to collect consumer debts alleged due.   The form collection letters sent by Defendant to Plaintiff and the Class stated in part:   "[T]he above account has been placed with our organization in a Pre-legal status for payment in full.  Due to the terms of your agreement,

our client may take legal action against you in accordance with your state laws". The letters further state: "[P]re-legal agencies are required to conduct an asset/property search and employment verification at the same time collections efforts are being made". Plaintiff has asserted that those statements are false, deceptive and misleading in violation of the FDCPA as they imply that Client Services is a "Pre-legal agency", the account is in a "Pre-legal status", and that asset, property and employment verification searches are required. A copy of the September 16, 2009 challenged letter is appended hereto as Exhibit "A" (also Exhibit "A" to the Amended Complaint).

3.     All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

4.     Based on the use of form letters with the impermissible language, the Class is so numerous that joinder of all members is impractical. Defendant has attested to 408 putative Class Members and will provide a list with the names and last known addresses of the affected individuals upon preliminary approval.

5.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members. The principal issues are whether Defendant's form letter falsely, deceptively or misleadingly implies that Client Services is a "Pre-legal agency", that each account is in a "Pre-legal status", and that asset, property and employment verification searches are required, in violation of the FDCPA, 15 U.S.C. §§ 1692e, § 1692e(2), and § 1692e(10).

6.     Mr. Jones' claim is typical of the claims of the members of the Class. All of the claims are based on the same factual and legal theories, *i.e.* -- each Class Member received a letter that contained language implying that Client Services is a "Pre-legal agency", that the

account is in a "Pre-legal status", and that asset, property and employment verification searches are required.

7.      Plaintiff will fairly and adequately protect the interests of the Class.  He is committed to vigorously litigating this matter and has retained counsel experienced in prosecuting consumer class actions.  *See* Certifications of Cary L. Flitter, Theodore E. Lorenz, and Andrew M. Milz filed herewith.

8.      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

(a)      Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.  15 U.S.C. § 1692k.

(b)      Most of the Class Members are not aware of their rights and have no knowledge that their rights are being violated by illegal collection practices.

(c)      The interest of Class Members in individually prosecuting separate claims against Defendant is small because the maximum amount of statutory damages in an individual action is $1,000.  15 U.S.C. § 1692k(a).

(d)      Management of this class action is not likely to present significant difficulties, and presents fewer difficulties than those presented in many class claims.

9.      These grounds are further explained and supported by the accompanying Memorandum, which Plaintiff incorporates herein.  The Certifications of Cary L. Flitter, Theodore E. Lorenz, and Andrew M. Milz are also filed herewith.

WHEREFORE, and for the reasons set forth more fully in the within Memorandum of Law, Plaintiff submits that this settlement is fair, reasonable and accurate, reached after protracted arms-length negotiation, and in the best interest of the Class.  A settlement class

should be certified under Rule 23.  Preliminary approval should be granted to permit notice to

issue to the Class.  Defendant consents to certification for purposes of settlement, and to

preliminary and final approval.


Date:  November 18, 2010                    */s/Theodore E. Lorenz (TEL5114)*
                                            CARY L. FLITTER
                                            THEODORE E. LORENZ
                                            ANDREW M. MILZ

                                            LUNDY, FLITTER, BELDECOS &
                                            BERGER, P.C.
                                            450 N. Narberth Avenue
                                            Narberth, PA  19072
                                            (610) 822-0782
                                            Attorneys for Plaintiff and the Class

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANDRE JONES, on behalf of himself and
all others similarly situated,

         Plaintiff,

    vs.

CLIENT SERVICES, INC.,

        Defendant.

CIVIL ACTION NO. 10-CV-343(LDD)

CLASS ACTION

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND
FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT (UNCONTESTED)**

Plaintiff, Andre Jones, moves the Court pursuant to Fed. R. Civ. P. 23 certification of the settlement class and for preliminary approval of a class settlement reached in this matter involving alleged violations of the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. §§ 1692, *et seq.*

Plaintiff's claims arise out of Defendant Client Services, Inc.'s form collection letter sent to Plaintiff and the Class claiming the consumer's account is in "Pre-legal" status, threatening "legal action" and falsely stating that "Pre-legal agencies are required to conduct an asset/property search and employment verification". Plaintiff avers in his Amended Complaint that those statements are false, deceptive and misleading in violation of the FDCPA. 15 U.S.C. § 1692e, § 1692e(2), and § 1692e(10). Plaintiff seeks relief for himself and the Class of 408 Philadelphians to whom Defendant sent form collection letters containing those statements, or substantially similar ones, between February 22, 2009 and February 22, 2010. A copy of the September 16, 2009 collection notice sent to Plaintiff is appended as Exhibit "A".

The parties have now reached a settlement, subject to approval of this Court. The settlement was reached after extensive arms-length negotiations between the parties. The settlement terms are fair, reasonable, and adequate, and in the best interest of the Class.

Highlights of the settlement include:

(a)     Defendant shall pay and shall not object to approval of (a) classwide settlement payment in the aggregate amount of $100,000.00 to be divided equally among the class members to whom notice by mail is not returned as undeliverable; (b) payment to Plaintiff Andre Jones the sum of $3,000.00 for his individual claims, plus any share in the class recovery; and (c) payment of reasonable Class Counsel fees and expenses in the amount of $60,000.00;

(b)     Client Services will not oppose the reasonableness of the fees and costs;

(c)     Any undistributed or undistributable funds shall be divided equally between the Consumer Law Clinics at Widener University School of Law and Temple University's Beasley School of Law as a *cy pres* remedy for the settlement class;

(d)     There will be no reverter of any funds to Defendant.

The terms of the Settlement Agreement are set forth in the attached Class Action Settlement Agreement and Release (hereinafter 'Settlement Agreement') attached as Exhibit 'B' hereto and discussed at length below.

The relief sought in this Motion is uncontested by Defendant, who joins in the request for certification of a settlement class and for preliminary approval. A copy of the proposed Order for Preliminary Approval is separately filed herewith as Exhibit 'C'. The proposed Class Notice to the members of the Class is filed herewith as Exhibit 'D'. The proposed Order for Preliminary Approval establishes certain dates and method for mailing notice to the Class, the

procedure and timing for administration and filing of objections, if any, to the settlement, or requests for exclusion by members of the Class.

For the reasons set forth more fully herein, Plaintiff submits that the requirements of Rule 23 are met, that a settlement class should be certified, that preliminary approval of the settlement should be granted and notice permitted to issue to the Class.

## I.   <u>NATURE OF THE CASE</u>

Plaintiff Andre Jones brings this case as a class action against Client Services, Inc. ("Client Services") pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. Mr. Jones sued Client Services as a result of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") arising out of form collection letters sent to Plaintiff and the Class. Jones, individually and on behalf of all other Philadelphia, Pennsylvania consumers similarly situated, seeks damages and other relief against Client Services for what Plaintiff has alleged are deceptive and unfair debt collection practices under the FDCPA.

While Client Services denies liability and damages, this settlement, if approved, will avoid the need for the Court or a jury to determine liability, or the extent of damages to be awarded. Client Services represents that the class of identifiable recipients contains 408 individuals who were sent the offending letters, and will provide the list of the names and addresses of the individuals upon preliminary approval of this class settlement. (Exhibit "F", Aff. of Conrad Schopp). The Class is defined as: (a) all persons with addresses in the City of Philadelphia; (b) who were sent a collection letter from defendant Client Services, Inc.; (c) purporting to collect a debt which was incurred primarily for personal, family or household use; (d) containing the following statements:  "The above account has been placed with our

organization in a Pre-legal status for payment in full.  Due to the terms of your agreement, our client may take legal action against you in accordance with your state laws" or "Pre-legal agencies are required to conduct an asset/property search and employment verification at the same time collections efforts are being made", or substantially similar statements; (e) for the one year period commencing on a date one year before the filing of the Amended Complaint", i.e., from February 22, 2009 to February 22, 2010.  (*See* Am. Compl. ¶ 18, hereinafter referred to as "Am. Compl.," Doc. No. 4).

The FDCPA provides that statutory damages are capped at the lesser of 1% of the debt collector's net worth or $500,000.00.  15 U.S.C. § 1692k(a)(2)(B).  Defendant's Corporate Treasurer, Michael Basso, testified Client Services net worth in 2009 was approximately $15,800,000.00.  (Ex. E, Basso Dep. pgs. 23-24).  Thus, one percent (1%) of Client Services' net worth in 2009 was approximately $158,000.00.  In February 2010, Client Services was sold to CSI Saint Charles, LLC and became a subsidiary of that company. (Ex. E, Basso Dep., pg. 62-64).  Basso testified that while Client Services will file a consolidated tax return for 2010, its net worth for 2010 is comparable to 2009.  (Ex. E, Basso Dep., pg. 73-74).  The company's financial statements are consistent with this.  In settlement of this suit, the Defendant will create a settlement fund of $100,000.00 to be divided equally among the Class Members to whom notice by mail is not returned as undeliverable.  (Ex. B, Sett. Agrmt. ¶ 6, 14).

Additionally, as part of the settlement, Defendant has agreed to pay Plaintiff Jones an individual award in the amount of $3,000.00, plus any share in the class recovery.  (Sett. Agrmt. ¶ 14).  *See Fry v. Hayt, Hayt and Landau*, 198 F.R.D. 461, 472 (E.D. Pa. 2000) (holding named plaintiff, may, under FDCPA, receive his statutory recovery plus any share of class recovery under unique wording of Act); *Bonett v. Educ. Debt Servs. Inc.*, Class Action No. 01-6528, 2003

U.S. Dist. LEXIS 9757 (E.D. Pa. May 9, 2003).   Defendant will also pay, subject to Court approval, Class Counsel fees and expenses in the amount of $60,000.00.  (Ex. B, Sett. Agrmt. ¶ 14).

For the reasons which follow, Plaintiff submits that this is a favorable settlement for the Class.   Certification of a settlement class should be granted and the settlement preliminarily approved.

## II.     NATURE OF PLAINTIFF S CLAIMS UNDER THE ACT

### A.     Purpose and Background of the FDCPA

In enacting the FDCPA, Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a) (recitation of Congressional findings and declaration of purpose).  The legislature determined that "means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c); *Wilson v Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).  *See also Piper v Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005) (holding FDCPA provides a remedy for consumers who have been subjected to unfair or deceptive collection practices); *F.T.C. v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007).  Among the practices prohibited by the FDCPA is the use of "any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  *See Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006).  The Act's purpose is to eliminate such practices. *Id.; Rosenau v. Unifund*, 539 F.3d 218, 221 (3d Cir. 2008).  Whether a collection letter is misleading or deceptive under the Act is judged from the perspective of the hypothetical "least sophisticated consumer". *Brown*, 464 F.3d at 453; *Rosenau*, 539 F.3d at 221.

Our Court of Appeals has observed that it was Congress' intent that the FDCPA "should be enforced by debtors acting as private attorneys general." *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). Similarly, Congress intended the FDCPA to be enforced by the private class action mechanism. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004). The FDCPA is a strict liability statute. Recognizing and implementing the remedial purpose of the legislation, the Third Circuit has held that the Act is to be construed liberally so as to affect its purpose. *Brown*, 464 F.3d at 453.

### B.       Client Services' Violations of the FDCPA

Plaintiff's claims arise out of Defendant Client Services' form collection letter sent to Plaintiff and the Class claiming the consumer's account is in "Pre-legal" status, threatening "legal action" and falsely stating that "Pre-legal agencies are required to conduct an asset/property search and employment verification". Plaintiff submits that those statements are false, deceptive and misleading in violation of the FDCPA. 15 U.S.C. § 1692e, § 1692e(2), and § 1692e(10). Plaintiff, by his Complaint, sought relief for himself and the Class of 408 Philadelphians to whom Defendant sent form collection letters containing those statements, or substantially similar ones, between February 22, 2009 and February 22, 2010. A copy of the September 16, 2009 collection notice sent to Plaintiff is appended as Exhibit "A".

While Client Services denies liability instantly, the parties have reached a class-wide settlement regarding the violations alleged in the Class Complaint.

### III.    ELEMENTS FOR CLASS CERTIFICATION ARE MET

### A.       Standard for Class Certification

In order for a class to be certified, all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b). *Amchem Products, Inc. v. Windsor*, 521

U.S. 591 (1997); *McCall v. Drive Fin. Servs., L.P.*, 236 F.R.D. 246, 249 (E.D. Pa. 2006); *Parks v. Portnoff Law Associates, Ltd.*, 210 F.R.D. 146, 149 (E.D. Pa. 2002).   Certification here is sought under Rule 23(b)(3).

Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§ 1692k(a) and (b).   *Weiss*, 385 F.3d at 344-45.

Challenges to the legality of collection notices have been routinely certified in this district.   *See Jordan v. Commw. Fin. Sys., Inc.*, 237 F.R.D. 132 (E.D. Pa. 2006) (FDCPA and FCEUA claims); *McCall v. Drive Fin. Servs., L.P.*, 236 F.R.D. at 250-51; *Seawell v.  Universal Fidelity Corp.*, 235 F.R.D. 64 (E.D. Pa. 2006); *Oslan v. Collection Bureau of Hudson Valley*, 206 F.R.D. 109 (E.D. Pa. 2002).

## B.      The Proposed Class Meets the Requirements for Certification

### 1.       Rule 23(a)(1) -- Numerosity

Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable."   *Weiss v. York Hosp.*, 745 F.2d 786, 808 (3rd Cir. 1984).   Our Court of Appeals has held that generally a class with more than 40 satisfies the numerosity requirement.   *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001).

Here, Defendant has attested to 408 putative class members who reside in Philadelphia, Pennsylvania and who received the offending letter during the class period, i.e., between February 22, 2009 and February 22, 2010.   (Ex. F, Aff. of Conrad Schopp).   Defendant has compiled the list of the names and last known addresses of the identified class members and will provide the list upon preliminary approval of the class settlement.   Joinder of all 408 members of

the class is impracticable and, accordingly, Rule 23(a)(1)'s numerosity requirement has been readily met.

### 2.     Rule 23(a)(2) -- Commonality

Rule 23(a)(2) requires that there be a common question of law or fact. *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 57 (3rd Cir. 1994); *Bradburn Parent/Teacher Store, Inc. v. 3M*, 2004 WL 1842987 at *2 (E.D. Pa. Aug. 18, 2004). A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2). *Id.* Where the defendant has engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents, the commonality requirement is generally met. *Chakejian v. Equifax Inf. Srvs, Inc.*, 256 F.R.D. 492, 497 (E.D. Pa. 2009); *McCall*, 236 F.R.D. at 250. As one Court of Appeals has stated in a similar case:

> Common nuclei of fact are typically manifest where, like in the case sub judice, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents.

*Keele v. Wexler*, 149 F. 3d 589, 594 (7th Cir. 1998) (citations omitted).

Not all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members. *Baby Neal*, 43 F.3d at 56-57; *Lake v. First Nationwide Bank*, 156 F.R.D. 615, 624 (E.D. Pa. 1994); *Tenuto v. Transworld Sys., Inc.*, 2000 WL 1470213 at *2 (E.D. Pa. Sept. 29, 2000) (holding consumer's theory which rests upon the "same facts about the [collection] letter and defendant's collection practices" towards the class members establishes commonality for FDCPA class).

There are questions of fact and law common to the class. Here, all members of the putative class received a collection letter during the class period similar to the one received by

Plaintiff Jones.  In the form collection letter, Client Services represents that it is a "Pre-legal agency", that the account was sent to it in a "Pre-legal status", and/or that Client Services is required to conduct an "asset/property search and employment verification".  Based upon that form collection letter, common questions presented are whether those statements are false, deceptive, or misleading in violation of 15 U.S.C. § 1692e; whether the letter falsely represents the status of the consumer's account in violation of 15 U.S.C. § 1692 e(2); and whether Defendant engaged in false representations and deceptive means to collect a consumer account alleged due, in violation of 15 U.S.C. § 1692e(10).

Based on the foregoing, there are common issues of fact and law arising out of Client Services ' form collection letter to the putative class during the class period, thereby satisfying the commonality requirement.

### 3.    Rule 23(a)(3) -- Typicality

Rule 23(a)(3) requires that the claims of the named plaintiff be typical of the claims of the class.  *McCall*, 236 F.R.D. at 250; *Lake,* 156 F.R.D. at 624.  A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.  *Baby Neal*, 43 F.3d at 57.  The typicality requirement may be satisfied even if there are some factual distinctions between the claims of the named plaintiff and those of other class members.  *Id.* at 57-58; *Stewart v. Associates Consumer Discount Co.,* 183 F.R.D. 189, 196 (E.D. Pa. 1998).  Here, all class members received a form collection letter substantially identical to the one received by Mr. Jones.  This uniform collection letter to members of the class forms the basis of the class claim.

Typicality is inherent in the class definition, i.e., each of the class members were subjected to the same letter and same violation as the named Plaintiff.  All class members' claims

arise from the same practices by Defendant which gave rise to Jones' claims - each class member was sent a collection letter from Client Services with the same false, deceptive and misleading statements about Client Services being a "Pre-legal agency", the account being in a "Pre-legal status", and the requirement of an "asset/property search and employment verification". *See McCall*, 236 F.R.D. at 250. This prong is especially easy to meet here because the claim does not turn on Mr. Jones' own subjective reaction, but only that of the hypothetical least sophisticated consumer. *Id.* The class members have been identified by Client Services. (Ex. F, Aff. of Conrad Schopp). Moreover, there are no unique facts or circumstances that would render Mr. Jones atypical. The typicality requirement is met.

### 4.   Rule 23(a)(4) -- Adequacy of Representation

The rule also requires that the named plaintiff provide fair and adequate protection for the interests of the class. *Grasty v. Amalgamated Clothing and Textile Workers Union, AFL-CIO, CLC*, 828 F.2d 123, 128 (3rd Cir. 1987). That protection involves two factors: (1) whether plaintiff's counsel is qualified, experienced, and generally able to conduct the proposed litigation, and (2) whether the plaintiff has interests antagonistic to those of the class. *See Allen v. Holiday Universal*, 249 F.R.D. 166, 180 (E.D. Pa. 2008); *McCall*, 236 F.R.D. at 250; *Lake*, 156 F.R.D. at 624 (*citing Hassine v. Jeffes*, 846 F.2d 169, 179 (3d Cir. 1988). Both prongs are readily met.

Jones is represented by counsel experienced in consumer class action litigation. Cary L. Flitter and Lundy, Flitter, Beldecos & Berger, P.C. have been approved as competent counsel by this Court and others in well over a dozen consumer class actions. Flitter has presented at scores of lectures and CLE's regionally and nationally for over 15 years. Flitter serves on the adjunct faculty (consumer protection law) at Temple University's Beasley School of Law and Widener

University School of Law, and is co-author of *Pennsylvania Consumer Law*, Geo. Bisel Publishing Co.  A full statement of qualifications is included within the Certification of Cary L. Flitter attached hereto as Exhibit "G".

Mr. Jones and the Class will also be represented by Theodore E. Lorenz of the Lundy, Flitter firm.  Mr. Lorenz has experience as a judicial clerk and as Senior Deputy Attorney General for the Commonwealth of Pennsylvania.  Mr. Lorenz is an experienced litigator and has presented CLE's on consumer law.  Mr. Lorenz was approved as class co-counsel in the matters of *Rosenau v. Unifund*, 539 F.3d 218, 221 (3d Cir. 2008), *McCall,* 236 F.R.D. at 250, *Dotson v. MRS Associates Inc.*, 06-cv-615 (E.D. Pa. 2006), *Townes v. NCO Financial Systems, Inc.*, 06-cv-1305 (E.D. Pa. 2006), and *Weinstock v. Inovision-MEDCLR Portfolio Group, et al.*, 05-cv-6392 (E.D. Pa. 2007).  These cases also arise under the Consumer Credit Protection Act.  Mr. Lorenz has been directly involved in all aspects of this case.  Mr. Lorenz's credentials are more fully set forth in his Certification attached hereto as Exhibit "H".

Andrew M. Milz, Esquire will also represent Mr. Jones and the class.  Mr. Milz is an associate at the Lundy, Flitter firm where he has worked on consumer credit litigation, including several class action matters under the federal consumer protection laws.  Mr. Milz's Certification is attached hereto as Exhibit "I".

There is also nothing to suggest that Plaintiff Jones has any interest antagonistic to the class.  Mr. Jones is prepared to vigorously pursue this lawsuit filed on behalf of himself and the class of Philadelphia, Pennsylvania residents designated in the Amended Complaint.  There are no individualized issues, for example, of reliance or intent.  Given the identical nature of the claims between the Plaintiff and the Class Members, there is no potential for conflicting interests in the class action. *See Colbert*, 1995 WL 20821 at *3.

Plaintiff respectfully submits that the adequacy prong is readily met, as are all of the elements of Rule 23(a).

### 5.    Rule 23(b)(3) -- Common Questions of Law or Fact Predominate

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. *Georgine v. Amchem Products, Inc.*, 83 F.3d 610, 625 (3rd Cir. 1996), *aff'd sub nom Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). This criterion is normally satisfied when there is an essential common factual link between all class members and the defendants for which the law provides a remedy. *See Lake*, 156 F.R.D. at 625. In this case, the "common nucleus of operative fact" is that all class members were sent collection letters from Client Services that contained the same deceptive and misleading language about Client Services being a "Pre-legal agency", the account being in a "Pre-legal status", and the requirement of an "asset/property search and employment verification". *See McCall*, 236 F.R.D. at 254 (concluding that the "question of whether the letter would have been deceiving to the least sophisticated consumer is common to claims of all class members").

Predominance is generally established in cases dealing with the legality of standardized documents and practices because the document is the focal point of the analysis. *Oslan v. Collection Bureau of Hudson Valley*, 206 F.R.D. 109, 111-12 (E.D. Pa. 2002) (FDCPA class, predominance readily met). Here, the claims of the class arise from the same letter and the same practices of Defendant Client Services, and involve the same FDCPA claims arising out of the false, deceptive or misleading nature of the statements contained in Defendant's form letter.

In addition, there is a uniform statutory damages provision under the FDCPA for class action matters. 15 U.S.C. § 1692k(a)(2). No concern is present over individualized damage

calculations. *Colbert,* 1995 WL 20821 at *3 (observing "the [FDCPA] provides for class-wide awards, obviating the need for calculating individual damages).

As one district court stated:

> In the present case it is the use of standardized debt collection letters that have given rise to the plaintiff's claim. The questions of law and fact involved in this action relate to the use of the debt collection letters admittedly mailed by defendant to the proposed class. These common questions of law and fact surrounding the contents and mailing of these letters predominate over individual issues. Accordingly, the Court finds that the plaintiff has satisfied this prong of Fed. R. Civ. P. 23(b)(3).

*D'Alauro v. GC Serv. Ltd. Partnership*, 168 F.R.D. 451, 458 (E.D. N.Y. 1996). In this case it is clear that both the issues of fact and the issues of law are straight forward, and predominate.

### 6.   Rule 23(b)(3) -- Class Action is Superior to Other Available Methods to Resolve this Controversy

Superiority is another element of class certification pursuant to Rule 23(b)(3). *In re Prudential Ins. Co. of America Sales Practices Litigation*, 148 F.3d 283, 315 (3rd Cir. 1998); *Lake*, 156 F.R.D. at 625. Efficiency is a primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Lake,* 156 F.R.D. at 625-26. It is proper for a court, in deciding the best available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Id.* at 626.

In this case, there is no better method available for the adjudication of the claims which might be brought by each individual debtor subjected to Defendant's practices. Class actions are simply a more efficient and consistent means of trying the legality of a collection notice. *D'Alauro,* 168 F.R.D. at 459; *Tenuto,* 2000 WL 1470213 at *4.

The Third Circuit has recognized the efficacy of FDCPA class actions where the individual's claim is small:

> A significant benefit to claimants who choose to litigate their individual claims in a class-action context is the prospect of reducing their costs of litigation, particularly attorney's fees, by allocating such costs among all members of the class who benefit from the recovery." The Supreme Court also commented that '[c]lass actions ... may permit the plaintiffs to pool claims which would be uneconomical to litigate individually. For example, this lawsuit involves claims averaging about $100 per plaintiff; most of the plaintiffs would have no realistic day in Court if a class action were not available." This '[c]ost-spreading can also enhance the means for private attorney general enforcement and the resulting deterrence of wrongdoing."

*Weiss*, 385 F.3d at 344-45. One of the primary functions of the class suit is to provide a device for vindicating claims, which, taken individually, are too small to justify legal action but which are of significant size if taken as a group. *Id.; Lake*, 156 F.R.D. at 628-29.

As one Court observed:

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or rights. A class action solves of this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.

*Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997), *quoted with approval in Amchem Prods. v. Windsor*, 521 U.S. 591, 617 (1997); *accord Weiss*, 385 F.3d at 344-45. Moreover, Congress has provided in the class action damages provision that no minimum individual recovery shall apply. 15 U.S.C. § 1692k(a)(2)(B). Here, there will be a class settlement fund of $100,000.00. At that figure, each class member should receive approximately $245.00. This is an excellent recovery and a superior way to proceed.

### 7.   Rule 23(g) Factors

Rule 23, as amended, requires that this Court 'must consider" four additional factors in appointing class counsel. *See* Fed. R. Civ. P. 23(g)(1)(C).

In the Certification of Cary L. Flitter filed herewith, counsel attests to the following: (a) the work counsel has done in identifying or investigating the potential claims; (b) counsel's experience in handling class actions, other complex litigation and claims of these types asserted in the action; (c) counsel's knowledge of the applicable law; (d) the resources that counsel has committed to representing the class.

This Certification reflects that Plaintiff's counsel has spent considerable effort in identifying and investigating potential claims and has concluded that the instant claims under 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10) are the only viable claims to be lodged.   This Certification also recites counsel's handling of many, many other fair debt and other consumer credit matters, and recognition by this Court and others of capable handling of assorted consumer class cases.   This Certification speaks to Plaintiff's counsel's 'knowledge of the applicable law" by over 25 years of practice, university and law faculty appointments, authorship, and by lectures and CLE trainings presented in the region and throughout the country.

Based on the foregoing, the mandate of Rule 23(g), as amended, has been fulfilled.

## IV.   THE SETTLEMENT SATISFIES THE REQUIREMENTS FOR PRELIMINARY APPROVAL

### A.   Standards for Preliminary Approval

When a proposed class-wide settlement is reached, it must be submitted to the Court for approval.  2 H. Newberg & A. Conte, *Newberg on Class Actions* (3d ed. 1992) § 11.41; *Oslan v. Law Offices of Mitchell N. Kay*, 232 F. Supp. 2d 436, 439-40 (E.D. Pa. 2002).   Preliminary approval is the first of essentially three steps that comprise the approval procedure for settlement of a class action.   The second step is the dissemination of notice of the settlement to all Class members.   The third step is a settlement approval or final fairness hearing.   *See Manual for Complex Litigation* § 21.632-633 (4th ed. 2004).

The question presented on a motion for preliminary approval of a proposed class action settlement is whether the proposed settlement appears fair and reasonable. *Manual for Complex Litigation* § 21.632; *Parks*, 243 F. Supp. 2d at 249. Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement ... may be submitted to members of the prospective class for their acceptance or rejection." *Philadelphia Hous. Auth. v. Am. Radiator and Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970), *quoted with approval in Bell Atlantic v. Bolger*, 2 F.3d 1304, 1318 (3d Cir. 1993).

The approval of a proposed settlement of a class action is a matter within the broad discretion of the Trial Court. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004). As is the case with the settlement of litigation generally, settlements of class actions are favored in the law. *See Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594 (3d Cir. 2010); *In re General Motors Truck Litig.*, 55 F.3d 768, 784 (3d Cir. 1995). Preliminary approval does not require the Court to affirmatively answer the ultimate question of whether a proposed settlement is fair, reasonable and adequate. That determination is made only after notice of the settlement has been given to the members of the Class and they have been given an opportunity to voice their views of the settlement, or to be excluded from the Class. *See Manual for Complex Litigation* § 21.632. S*ee also* 5-23 *Moore's Federal Practice*, ¶ 23.162 (3d ed. 2006); *In re Automotive Refinishing Paint Antitrust Litig.*, 2004 WL 1068807 at *3 (E.D. Pa. May 11, 2004).

The question of whether a proposed settlement is fair, reasonable and adequate necessarily requires a judgment and evaluation by the attorneys for the parties based upon a comparison of the terms of the compromise with the likely rewards of litigation. *General Motors,* 55 F.3d at 796; *Collier v. Montgomery County*, 192 F.R.D. 176, 184 (E.D. Pa. 2000) (*citing Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975)). Therefore, many courts recognize that the

opinion of experienced counsel supporting the settlement is entitled to considerable weight.  *See Collier*, 192 F.R.D. at 186; *Gaskin v. Pennsylvania*, 389 F. Supp. 2d 628, 643-44 (E.D. Pa. 2005).  Class counsel, who fully endorse this settlement, have been found to be adequate class counsel in many other matters before the Court.  (Certifications of Cary L. Flitter, Theodore E. Lorenz, and Andrew M. Milz submitted herewith).  There is an initial presumption of fairness when a proposed settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval.  *See Ehrheart*, 609 F.3d at 594; *Gaskin*, 389 F. Supp. 2d at 643-44.  *See also Newberg on Class Actions*, § 11.41.

In addition to being substantively reasonable in relation to the risks and likely rewards of litigation, the proposed settlement must be "the result of good faith, arms length negotiations." *Collier*, 192 F.R.D. at 184.  "If the proposed settlement appears to be the product of serious informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to Class representatives or segments of the Class, and falls within the range of possible approval, then the court should direct that notice be given to the Class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement." *Gaskin*, 389 F. Supp.2d at 630.  *See also General Motors*, 55 F.3d at 785-86. Here, the proposed settlement easily meets these standards, and the motion for preliminary approval should be granted.

**B.     The Terms of the Proposed Settlement are Reasonable and Fair**

The proposed settlement is reasonable and fair- and actually quite favorable.  Under the FDCPA, class wide damages up to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector" can be awarded.  15 U.S.C. § 1692k(a)(2)(B).  Client Services' corporate treasurer testified that one percent of defendant's net worth for years 2009 and 2010 equaled

approximately $158,000.   (Ex. E, Basso Dep, pg. 23-24; 73-74).   In settlement of this action, Client Services agreed to establish a settlement fund of $100,000 to be divided equally among the class of 408 Philadelphia, Pennsylvania residents.   There will be no reverter of any money to Defendant.   Any remaining funds will be distributed *cy pres*.   This is a very favorable settlement for the class and certainly well within the range of other settlements to warrant approval.   *See, e.g., In re Corel Corp. Securities Litig.*, 293 F. Supp. 2d 484, 489-90 (E.D. Pa. 2003).

Plaintiff's counsel fees are available as of right under the FDCPA.   15 U.S.C. § 1692k(a); *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).   Defendant has agreed to pay statutory counsel fees and expenses in the amount of $60,000.00, subject of course to Court approval.

Again, preliminary approval of the proposed settlement of the class action is merely the determination of whether the settlement is in the range of possible approval.   Although the benefits of this settlement are manifest, the Court need not reach any ultimate conclusion on the merits or the wisdom of the settlement until after notice.   *Auto. Refinishing*, 2004 WL 1068807. Plainly, there is no reason to doubt the fairness and adequacy of this recommended settlement. Preliminary approval should be granted. A form of Order is submitted herewith.

## V.   <u>CLASS NOTICE</u>

With the Settlement Agreement and this Motion, Plaintiff submits a proposed form of notice to the class.   A true and correct copy of the proposed Class Notice is appended hereto as Exhibit "D." (Of course, the blanks for dates will be filled in before mailing).   In plain-English, the notice informs class members regarding (a) formation of the class; (b) the class definition; (c) claims, defenses and issues in the case; (d) terms of the proposed settlement; (e) the request for an award of attorney's fees and expenses to class counsel; (f) the agreed individual settlement payment to representative Plaintiff; (g) the class member's right to opt-out, and thereby not

participate in the proposed settlement; (h) class member's right to appear and object to the proposed settlement; (i) the time, date and location of the final approval hearing; and (j) class member's right to appear at the final approval hearing in favor of or in opposition to the proposed settlement.

The proposed notice comports with the requirements of Rule 23(c) and 23(e) as amended, and with the Court of Appeals' decision in *Wachtel v. Guardian Life Ins. Co. of America*, 453 F.3d 179, 185 n.6 (3d Cir. 2006), recommending plain-English class notices. The notice is clear and reader friendly, and provides class members with sufficient information to make an intelligent decision as to whether to remain in the class, opt-out, or object to any aspect of the proposed settlement. Plaintiff has looked to, indeed borrowed from, the recommended notices provided by the Federal Judicial Center's website, www.fjc.gov. Administration of notice, opt-outs, objections and settlement checks will be handled by First Class, Inc. an experienced Claims Administrator based in Chicago. (Sett. Agrmt. ¶ 13).

Plaintiff proposes notice by first class mail, which comports with Fed. R. Civ. P. 23(c)(2) requiring the best notice practicable under the circumstances. *See Perry v. FleetBoston Fin. Corp.*, 229 F.R.D. 105, 113 (E.D. Pa. 2005) (approving mail notice in FDCPA class settlement).

## VI.    <u>CONCLUSION</u>

The proposed settlement puts an end to this litigation, falls well within the range of a fair, reasonable and adequate award.  Preliminary approval should be granted, and the class notice approved and directed in the form proffered.  Defendant consents to preliminary approval. Further, the proposed settlement class meets the requirements of Rules 23(a) as well as Rule 23(b)(3).  Plaintiff Andre Jones respectfully requests that the Court certify the settlement class under Rule 23(b)(3).


Date:  November 18, 2010                    */s/Theodore E. Lorenz (TEL5114)*
                                            CARY L. FLITTER
                                            THEODORE E. LORENZ
                                            ANDREW M. MILZ

                                            LUNDY, FLITTER, BELDECOS &
                                            BERGER, P.C.
                                            450 N. Narberth Avenue
                                            Narberth, PA  19072
                                            (610) 822-0782
                                            Attorneys for Plaintiff and the Class

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDRE JONES, on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| vs. | CIVIL ACTION NO. 10-CV-343(LDD) |
| CLIENT SERVICES, INC., | CLASS ACTION |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 18, 2010, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which sent notification of such filing to:

Andrew M. Schwartz, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street, 17th Floor
Philadelphia, PA  19103

Said document is available for viewing and downloading from the ECF system

Date:   November 18, 2010                     */s/Theodore E. Lorenz (TEL5114)*
                                                           THEODORE E. LORENZ